IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STARSKY BOMER | § | |
| VS. | § | CIVIL ACTION NO.1:20cv199 |
| F.J. GARRIDO | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Starsky Bomer, an inmate confined within the Bureau of Prisons ("BOP"), through counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition for writ of habeas corpus was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is confined at the Beaumont Prison Camp. He states there are over 37,000 cases of COVID-19 in Texas and that four correctional officers at the camp have tested positive for the virus. He states conditions in the prison setting make it impossible for inmates to practice social distancing, control their exposure to large groups, practice increased hygiene, wear protective clothing, obtain specific products for cleaning or laundry, avoid high-touch surfaces, or sanitize their own environment.

Petitioner asserts that the conditions of his confinement places him at high risk to be exposed to the COVID-19 virus. He states he suffers from an autoimmune disease that increases his risk of contracting COVID-19. He also has a respiratory disease which requires him to use a CPAP machine and also increases his risk of contracting COVID-19. Petitioner contends that his preexisting conditions make him exceptionally vulnerable to serious illness or death if he becomes infected.

Petitioner states that on April 18, 2020, he was told he would be placed on the high risk list and released to home confinement. However, on April 20 he was told he did not qualify for placement on the high risk list because new guidelines required inmates to have served at least half their sentence in order to be placed on the list.

Petitioner states he seeks relief as follows: (1) the immediate transfer of the most medically vulnerable individuals to home confinement or other appropriate settings and (2) immediate implementation for those who remain of the social distancing hygiene measure essential to lowering the risk of the disease and of death.

<u>Analysis</u>

A district court has authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners seeking relief to exhaust available administrative remedies before proceeding under Section 2241, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to adequately satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules ...." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The BOP, which administers the prison where the petitioner is incarcerated, has a four step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using a BP-11 form. *Id*.

Attached to the petition is a copy of a letter from Warden F.J. Garrido dated April 16, 2020. The letter, which was written in a response to a letter from counsel seeking a reduction in petitioner's

sentence due to the outbreak of COVID-19, states that petitioner's situation did not warrant an early release from his sentence and denied his request for a reduction in his sentence based on compassionate grounds. The letter stated that if petitioner wished to challenge the decision, he should utilize the administrative remedy process.

Even if counsel's letter and the warden's response could be construed as petitioner adequately exhausting his administrative remedies through the second step of the administrative remedy process, there is no indication petitioner has attempted to exhaust his administrative remedies through the third and fourth steps of the process. The Fifth Circuit has held in a civil rights case that exhaustion of administrative remedies is required even when relief is sought based on the COVID-19 virus. *Valentine v. Collier*, 956 F.3d 797, 804-05(5th Cir. 2020). As a result, it appears petitioner did not exhaust his administrative remedies prior to filing his petition. The petition should therefore be dismissed without prejudice. Petitioner will be free to refile his petition after he completes the exhaustion process.[1]

## Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice for failure to exhaust administrative remedies.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

---

[1] Petitioner seeks to proceed with this matter as a class action, representing a class consisting of all individuals currently in custody at the federal prison complex in Beaumont and those who may become confined there during the COVID-19 pandemic. It is unclear whether habeas claims can proceed as a class action. As Justice Thomas recently observed, the Supreme Court has "never addressed whether habeas relief can be pursued in a class action." *Jennings v. Rodriguez*, 138 S.Ct. 830, 858 n.7 (2018) (Thomas, J. concurring). Even if habeas claims may be pursued in a class action, petitioner would not be a proper class representative as he has not exhausted his administrative remedies.

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429(5th Cir. 1996) (*en banc*).

**SIGNED this the 18th day of May, 2020.**

                                                           KEITH F. GIBLIN
                                                           UNITED STATES MAGISTRATE JUDGE